UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

TERRANCE ALFONSO DUDLEY,

    Petitioner,

v.

JESSICA SYMMES / Warden,

    Respondent.

Civil No. 09-2490 (DSD/JJG)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed without prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

Petitioner is a prisoner at the Minnesota Correctional Facility at Oak Park Heights, Minnesota. He is serving a 90-month prison sentence that was imposed in the State District Court for Ramsey County, Minnesota. Petitioner was sentenced after a jury found him guilty of two counts of criminal sexual conduct. (Petition, p. (2), ¶s 1-6.)

After Petitioner was convicted and sentenced, he filed a direct appeal that

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

presented several claims for relief.  The Minnesota Court of Appeals rejected all of Petitioner's claims on the merits, and affirmed his conviction and sentence on direct appeal, and the Minnesota Supreme Court denied Petitioner's application for further review.  State v. Dudley, No. A07-1843, (Minn. App. 2009), 2009 WL 112845 (unpublished opinion), rev. denied, Mar. 31, 2009.  Petitioner has not sought further review of his conviction and sentence in any post-conviction proceedings.  (Petition, p. (3), ¶ 10; p. (6), ¶ 14.)

Petitioner's current habeas corpus petition lists three grounds, each of which includes multiple claims for relief.  However, Petitioner candidly acknowledges that at least two of his claims – identified as (i) "involuntary self incriminating statement," and (ii) "excessive use of security" – were not presented to the Minnesota state courts on direct appeal.  (Id., p. (6), ¶ 13.)  As a result, Petitioner has not satisfied a fundamental prerequisite for seeking federal habeas corpus review – namely, that a habeas petitioner must first exhaust all state court remedies for all of his claims.

## II. DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies.  28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982).  This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged errors raised by state prisoners.  O'Sullivan, 526 U.S. at 844; Rose, 455 U.S. at 518-19; Duncan v.

2

Henry, 513 U.S. 364, 365-66 (1995) (per curiam). To satisfy the exhaustion of state court remedies requirement, a prisoner must fairly present all of his or her claims to the highest available state court, (in Minnesota, the State Supreme Court), before seeking relief in federal court. O'Sullivan, 526 U.S. at 845.

Furthermore, a habeas petitioner must exhaust his state court remedies for all of the claims that he seeks to raise in a federal habeas corpus petition. A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- must be dismissed for non-exhaustion. Rose, 455 U.S. at 510, 522.

In this case, Petitioner has acknowledged that at least two of his claims were not raised in his direct appeal. (Petition, p. (6), ¶ 13.) Moreover, there is a state court remedy that might still be available for Petitioner's unexhausted claims -- namely a motion for post-conviction relief brought under Minn.Stat. § 590.01. It is possible that Petitioner might be procedurally barred under state law from raising some of his unexhausted claims in a state post-conviction motion, if the state courts determine that those claims could have been previously raised on direct appeal. See McCall, 114 F.3d at 757 ("Minnesota law provides that once the petitioner has directly appealed his sentence 'all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief'"), citing State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976); Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995). However, it is preferable to have the Minnesota state courts, rather than the federal district court, decide whether or not Petitioner's unexhausted claims can still be heard

and decided on the merits in state court.[2]

Because Petitioner has failed to exhaust his state court remedies for at least two of his current claims for relief, the Court finds that he has filed a "mixed petition." The Court must therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules. It will be recommended that the action be dismissed <u>without prejudice</u>, however, so that Petitioner can return to the state courts and attempt to exhaust his presently unexhausted claims.[3] Petitioner may return to federal court, (if necessary), after the state courts, including the Minnesota Supreme Court, have reviewed and decided <u>all</u> of the claims that he seeks to present in federal court. <u>See</u> <u>Ashker v. Leapley</u>, 5 F.3d 1178, 1180 (8th Cir. 1993). <u>See</u> <u>also</u> <u>Nelson v. Solem</u>, 714

---

[2] If any of Petitioner's presently unexhausted claims are rejected because of a state procedural rule, those claims will be procedurally defaulted, and they will not be reviewable in a future federal habeas proceeding, except upon a showing of sufficient cause and prejudice to excuse the procedural default, or clear proof of actual innocence. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). <u>See</u> <u>also</u> <u>Jones v. Jerrison</u>, 20 F.3d 849, 853 (8th Cir. 1994), ("[f]ederal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance'"), quoting <u>Coleman</u>, 501 U.S. at 732.

[3] If Petitioner pursues this option, he should be mindful of several matters that could affect his future eligibility for federal habeas corpus relief. First, he will not satisfy the exhaustion requirement unless he pursues every available avenue of appellate review in the state courts, including a petition for further review in the State Supreme Court. <u>O'Sullivan</u>, 526 U.S. at 845. Second, federal habeas corpus review is available only for claims that were previously raised in the state courts <u>as federal constitutional claims</u>. <u>Duncan</u>, 513 U.S. at 365-66. Third, if Petitioner does return to the state courts to exhaust his state court remedies, and if he should thereafter attempt to file another federal habeas petition, he should be mindful of the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d). It appears that the statute of limitations has not yet expired in this case, and the statute will be tolled, pursuant to 28 U.S.C. § 2244(d)(2)), while any post-conviction proceedings are pending in the state courts. However, Petitioner could face a statute of limitations issue in the future, if he does not diligently pursue state post-conviction relief.

F.2d 57, 60 (8th Cir. 1983) ("[b]ecause there has been no showing that further resort to state procedures for post-conviction relief would be futile, we affirm the district court's decision to dismiss [the] habeas petition without prejudice for lack of exhaustion").

The Court recognizes that a state prisoner who files a mixed habeas petition can elect to abandon his unexhausted claims, and proceed with an amended petition that includes only his fully exhausted claims. Jackson v. Domire, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); Victor v. Hopkins, 90 F.3d 276, 282 (8th Cir. 1996), cert. denied, 519 U.S. 1153 (1997); Doty v. Lund, 78 F.Supp.2d 898, 904 (N.D.Iowa 1999). If Petitioner intends to exercise that option here, he should file an amended petition that includes only fully exhausted claims, and he should do so before the deadline for filing objections to this Report and Recommendation. If Petitioner does not file such an amended petition before that deadline, it is the Court's recommendation that Petitioner be deemed to have waived the option to amend, and that the action then be summarily dismissed without prejudice. Petitioner should note that if he does file an amended petition that includes only his fully exhausted claims, he presumably will be barred from raising any other claims in any future (successive) federal habeas petition. See 28 U.S.C. § 2244(b)(2).

Finally, the Court notes that Petitioner has filed an application for leave to proceed in forma pauperis, ("IFP"), in this matter. (Docket No. 2.) However, Petitioner has paid the full $5.00 filing fee for this action, and he has not shown that he has any need for IFP status at this time. Therefore, Petitioner's IFP application will be denied as moot.

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner's application to proceed in forma pauperis, (Docket No. 2), be **DENIED AS MOOT**; and

2. This action be summarily **DISMISSED WITHOUT PREJUDICE**, unless, before the deadline for filing objections to this Report and Recommendation, Petitioner files an amended habeas corpus petition listing only fully exhausted claims.


Dated: September 21, 2009          s/ *Jeanne J. Graham*
                                   JEANNE J. GRAHAM
                                   United States Magistrate Judge


### NOTICE

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **October 5, 2009**. A party may respond to the objections within ten days (10) after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.